UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATALIE J. DAWSON,   Case No. 6:10-cv-1916-Orl-19DAB

    Plaintiff,

vs.

CAPITAL MANAGEMENT SERVICES, L.P.,
a Delaware limited partnership, and its general
partner, CMS GENERAL PARTNER, LLC,
a Delaware limited liability company, and
JOHN and JANE DOES I - V,

    Defendant(s)      /
_____/

## COMPLAINT
**(Jury Trial Demand)**

### INTRODUCTION

1. This is an action for damages brought by an individual consumer, NATALIE J. DAWSON, (hereinafter "NATALIE DAWSON" or "Consumer"), for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. This action arises from Defendant CAPITAL MANAGEMENT SERVICES, L.P.'s (hereinafter, CMS") communications (i.e., telephone messages) to Plaintiff which violated § 1692e(11) because Defendant failed to disclose that it is a debt collector. NATALIE DAWSON also brings this action against CMS's general partner, CMS GENERAL PARTNER, L.L.C. a Delaware limited liability company (hereinafter "CMSGP") and the persons who created, approved, directed,

1

and/or participated in the collection practices that are the subject of this litigation presently identified as JOHN and JANE DOES I through V. Consumer seeks an award of statutory damages (in the amount of $ 1,000 per action), reasonable attorney's fees and costs against each of the Defendants.

## I. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the conduct complained of because, at all times relevant, Plaintiff resided in this District (Seminole County, Florida) and the Defendants transact business here. Furthermore, Defendant CMS placed at least one telephone call to Plaintiff in this District.

## II. PARTIES

4. Plaintiff, NATALIE J. DAWSON (hereinafter, "NATALIE DAWSON"), is a natural person who, at all times relevant, resided in Seminole County, Florida.

5. Defendant, CAPITAL MANAGEMENT SERVICES, L.P. (hereinafter "CMS") is a Delaware limited partnership whose principal place of business is 726 Exchange Street, Suite 700, in Buffalo, New York (14210).

6. Defendant, CMS's registered agent in the State of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

7. Defendant, CMS GENERAL PARTNER, L.L.C. (hereinafter "CMSGP"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the

State of Florida and in the Middle District of Florida. Defendant CMSGP is the general partner of Defendant CMS and, in fact, CMSGP was acting as a debt collector as to the delinquent consumer debt Defendants attempt to collect from Mrs. Dawson.

8. Plaintiff also sues the person or persons who created, approved, directed, and/or participated in the collection practices that are the subject of this litigation. The identity of these persons is known to Defendants CMS and CMS-GP but is not presently known to Plaintiff. These defendants are hereinafter referred to as Defendants JOHN AND JANE DOES I, II, III, IV and V. JANE DOE IV is the person who left the message on February 27, 2010 as set forth fully below. Defendant JOHN DOE V is the person who left the message on April 10, 2001 as set forth fully below. (Defendants CMS, CMS-GP and JOHN AND JANE DOES I THROUGH V are hereinafter collectively referred to as the "Defendants").

9. Defendants CMS, CMSGP and JOHN and JANE DOES I - V are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Middle District of Florida.

10. Defendant CMS is licensed as a "consumer collection agency" in the State of Florida.

11. The principal purpose of the Defendants CMS and CMSGP is the collection of debts using the mails and telephone.

12. Defendants CMS and CMSGP regularly directly or indirectly attempt to collect debts alleged to be due to another through the use of the telephone and/or mails from consumer residing in Florida and in the Middle District of Florida.

3

13. Defendants were acting as debt collectors with respect to the collection of the Alleged Account.

14. All acts of the individual (DOE) defendants described below were committed with the intent to collect the Alleged Account on behalf of defendants CMS and CMS-GP.

### NATALIE DAWSON

15. At all times material hereto, NATALIE DAWSON was a "consumer" as this term is defined under 15 U.S.C. § 1692a(3) and Florida Statutes, § 559.55(2).

### IV FACTUAL ALLEGATIONS

16. At all times material hereto, "Chase" was a "creditor" as this term is defined under 15 U.S.C. § 1692a(4).

17. At all times material hereto, the Chase account (the "Alleged Account") was a "debt" as this term is defined under 15 U.S.C. § 1692a(5).

18. The Alleged Account went into default before Defendant acquired any interest in the Alleged Account.

19. At some unknown time in the past, CMS and/or CMSGP directly or indirectly contracted with "Chase" (or its successors in interest) for the purpose of collecting the afore described consumer debt.

20. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated :

        FEBRUARY 27, 2010                      (Live Caller)

> "This mess. Hello this message is for Natalie Johnson (sic). This is Miss Rowe calling from Capital Management Services. It is important that I speak with you today. My telephone number is

1-800-463-9293. When calling me back you will need to use your reference number XXXXXXXX [redacted]. It is important that I speak to you upon receipt of this message."

MARCH 31, 2010

"Hi Natalie Dawson. I'm calling with Capital Management. I'm calling on behalf of Chase and it's important that you reach me at 1-800-463-9293 extension 5514. Thank you."

APRIL 10, 2010

"Hi. Natalie Dawson. It's Chester McClain calling. Capital Management Services for Chase Bank. Return calls here to my office today at 1-800-463-9293."

APRIL 20, 2010            (Pre-Recorded)

"Please contact Capital Management Services regarding an important business matter. Toll free at 1-866-634-9003. This call is not a solicitation. Again, the phone number is 1-866-634-9003."

APRIL 21, 2010            (Pre-Recorded)

"Please contact Capital Management Services regarding an important business matter. Toll free at 1-866-634-9003. This call is not a solicitation. Again, the phone number is 1-866-634-9003."

21. Defendant left similar or identical messages on other occasions. (Collectively, the "telephone messages").

22. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). See *Berg v. Merchs. Ass'n Colection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXI 94023 (S.D. Fla. Oct. 31, 2008).

23. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and/or failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

24. All communications, including all of the communications by Defendant JANE DOE IV (on February 27, 2010) and JOHN DOE V (on April 10, 2010) were made on behalf of Defendants CMS and CMS-GP.

25. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

26. The statements made by Defendants CMS, CMSGP and JANE DOE IV and JOHN DOE V are to be interpreted under the "least sophisticated consumer" standard. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985).

27. NATALIE DAWSON has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

### V. COUNT I
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
(Fair Debt Collections Practices Act)

28. Plaintiff NATALIE DAWSON repeats and re-alleges and incorporates by reference paragraphs 1 through 27 above.

29. Defendants failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F.Supp.2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

6

WHEREFORE, Plaintiff NATALIE DAWSON requests that the Court enter judgment in favor of Plaintiff NATALIE DAWSON and against Defendants CAPITAL MANAGEMENT SERVICES, L.P., CMS GENERAL PARTNER, L.L.C., and JOHN AND JANE DOES I through V for :

    A.   Statutory damages (in the amount of $ 1,000.00) pursuant to 15 U.S.C. § 1692k;

    B.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    C.   Such other or further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands *trial by jury* on all issues so triable in this action.

Dated : DECEMBER 22, 2010.

_____
DONALD E. PETERSEN

Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
Voice :   (407) 648-9050
Facsimile : N/A
E.C.F. (Only) : depecf@cfl.rr.com
Email : petersen221@yahoo.com
F.B.N.          0776238
Attorney for the Plaintiff